UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO LYNN FLUKER JR.,

    *Plaintiff,*

v.

TRANS UNION, LLC,[1] and
EQUIFAX INFORMATION
SERVICES, LLC,

    *Defendants.*

_____/

Case No. 1:22-cv-12240
District Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT EQUIFAX INFORMATION SERVICES, LLC (ECF No. 22)**

**I.    RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court **DENY** Plaintiff's motion for entry of default judgment against Equifax Information Services, LLC (ECF No. 22).

**II.    REPORT**

    **A.    PLAINTIFF'S ALLEGATIONS**

Antonio Fluker, proceeding *pro se*, alleges violations of the Fair Credit Reporting

---

[1] The Court recognizes that Defendant's actual name is "TransUnion LLC." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

1

Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*[2]

Plaintiff makes the following allegations as to Equifax Information Services LLC ("Equifax"). On or around April 4, 2022, he applied for a loan with a non-defendant credit union. (ECF No. 1, PageID.8). When the credit union did a credit check, Equifax, a consumer reporting agency ("CRA"), erroneously reported that Plaintiff had a credit score "25 or more points" lower than his "actual score" due to a "computer glitch." (*Id.*) As a result of Equifax's negligent and willful failure "to follow reasonable procedures," the credit union denied the application for a loan. (*Id.*) Equifax was aware that the failure to accurately report his credit score would hamper his ability to obtain credit. (*Id.*) Plaintiff alleges Equifax's erroneous reporting violated the provisions of 15 U.S.C. § 1681(e). (*Id.*)

**B.   STANDARD OF REVIEW**

For a Plaintiff to obtain a judgment by default, he or she must first obtain a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). A default judgment is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204

---

[2] Plaintiff is also a criminal defendant in this Court, charged with wire fraud and money laundering. (*United States v. Fluker*, Case No. 4:21-cr-20331, ECF No. 43). He has been detained since at least March 2020. In a civil rights case brought by Plaintiff, the Undersigned recommended that his claim for injunctive relief be allowed to proceed. *Fluker v. Worpell*, No. 1:22-cv-12045. In addition to this case and *Fluker v. Worpell*, Plaintiff filed a third civil complaint against Fifth Third Bank and Gary Carr, Fifth Third's Vice President of "financial crimes," alleging that these Defendants improperly disclosed Plaintiff's bank records to the government. No. 2:22-cv-11992 (ECF No. 1).

F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975)). In *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.

*See also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F. Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

### C. ANALYSIS

Plaintiff seeks a default judgment against Defendant Equifax noting that Equifax missed the December 6, 2022 for filing an answer to the Complaint. (ECF No. 22, PageID.134). In response, Defendant Equifax admits that it did not file a timely answer, noting that the Complaint was "inadvertently overlooked and was not forwarded to counsel until December 19, 2022." (ECF No. 24, PageID.139). On December 20, 2022, Equifax requested a 14-day extension to file a response to the Complaint. (ECF No. 20). The motion was granted the same day by text order, allowing Equifax until January 3, 2023 to respond to the Complaint.

3

As a threshold matter, there has been no Clerk's entry of default in this case under Rule 55(a), so Plaintiff is not entitled to a default judgment under rule 55(b).

And even assuming that an entry of default had been made, Plaintiff falls far short of demonstrating that default judgment is appropriate. In determining whether to enter a default judgment, the court must consider several factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198, 2002 WL 818304, at *2 (6th Cir. 2002). "[D]efault judgments are disfavored, and there must be strict compliance with the legal prerequisites establishing the court's power to render judgment." *Walton v. Rogers*, 860 F.2d 1081, 1988 WL 109859, at *1 (6th Cir. 1988). And as a matter of policy, "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

The majority of the <u>Russell</u> factors would not support default judgment. Plaintiff does not allege that he has been prejudiced by Equifax's tardiness. The merits of the claim and the possibility of disputed material facts cannot be ascertained at present. In allowing Equifax an extension of time to respond to the Complaint, the Court has already concluded that Equifax's neglect (in this one instance) was excusable.

4

Plaintiff cannot show that Equifax flouted the January 3, 2023 deadline to respond to the Complaint. On that day, Equifax filed a motion to stay the case due to a pending class action suit in the Northern District of Georgia with "identical issues" as the present case, contending that Plaintiff's claims "would be covered by the class claims." (ECF No. 21, PageID.74, 76). Equifax asks to stay these proceedings "pending the determination of the certification of the prior Pending Class Action." (*Id.* at PageID.77). In its response to the present motion, Equifax requests that if the Court denies the motion to stay, it be given an additional 14 days to file an answer. (ECF No. 24, PageID.140).

The merits of Equifax's motion to stay are addressed in a separate Report and Recommendation. However, its motion to stay this case pending the resolution of another, ongoing case instead of filing an answer is not improper nor does it demonstrate that Plaintiff is entitled to default judgment. *Waters v. City of Geneva*, 47 F. Supp. 3d 1324, 1329, 2014 WL 4685458 (M.D. Ala. 2014) ("in lieu of an answer, Officer Hughes filed a motion to stay the action against him" which was granted pending resolution of related case); *Smith v. Kato*, No. 95 C 748, 1995 WL 239373, at *1 (N.D. Ill. Apr. 21, 1995) (same); *Sperry Assocs. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, No. CIV. 10-29 (DRD), 2010 WL 2925924, at *3 (D.N.J. July 21, 2010) (Motion to "dismiss or stay" in lieu of answer permissible in "case based on the first to file rule, which dictates that a federal district court should abstain in favor of a previously filed federal suit in which the issues and parties substantially

5

overlap with the issues and parties in the case before it."); *Mlaska v. Wexford Health Sources*, No. 16-CV-584-SMY, 2016 WL 4154914, at *1 (S.D. Ill. Aug. 5, 2016) (Motion to stay in lieu of an answer granted during tenure of "ongoing litigation in . . . state court case."); *Parsons v. Knipp*, No. 14-CV-04833-HSG (PR), 2015 WL 13892726, at *3 (N.D. Cal. Oct. 27, 2015) ("[R]espondent may, in lieu of an answer, file a motion to stay the case pending resolution of the question presented for certification to the California Supreme Court.").

Because Plaintiff has not complied with the procedural requirements for a default judgment and cannot show that a default judgment is otherwise warranted, his motion should be denied.

### D. CONCLUSION

Accordingly, I **RECOMMEND** that the Court **DENY** Plaintiff's motion for entry of default judgment against Equifax Information Services, LLC (ECF No. 22).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991);

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 26, 2023                         s/ PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge