UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO LYNN FLUKER JR.,

    *Plaintiff,*

v.

TRANS UNION, LLC,[1] and
EQUIFAX INFORMATION
SERVICES, LLC,

    *Defendants.*

_____/

Case No. 1:22-cv-12240
District Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

### ORDER GRANTING DEFENDANT EQUIFAX'S MOTION TO STAY (ECF No. 21)

For the following reasons, the Court **GRANTS** Defendant Equifax Information Services, LLC's January 3, 2023 "Motion to Stay Proceedings as to Equifax Pending Prior Class Action."[2] (ECF No. 21).

**A.   BACKGROUND**

---

[1] The Court recognizes that Defendant's actual name is "TransUnion LLC." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

[2] "[A] motion to stay is a nondispositive matter." *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-024-CHB, 2022 WL 15722629, at *2 (W.D. Ky. May 2, 2022) (quoting *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015)) ("[A] 'motion to stay is nondispositive where it does not dispose of any claims or defenses and [does] not effectively deny ... any ultimate relief sought'") (internal citations omitted).

1

Antonio Fluker, proceeding *pro se*, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*[3]

The Complaint contains the following allegations as to Equifax Information Services LLC ("Equifax"). On or around April 4, 2022, Plaintiff applied for a loan with a non-defendant credit union. (ECF No. 1, PageID.8). When the credit union did a credit check, Equifax, a consumer reporting agency ("CRA"), erroneously reported that Plaintiff had a credit score "25 or more points" lower than his "actual score" due to a "computer glitch." (*Id.*) As a result of Equifax's negligent and willful failure "to follow reasonable procedures," the credit union denied the application for a loan. (*Id.*) Equifax was aware that the failure to accurately report his credit score would hamper his ability to obtain credit. (*Id.*) Plaintiff alleges that Equifax's erroneous reporting violated the provisions of 15 U.S.C. § 1681e. (*Id.*)

**B. APPLICABLE LAW**

When as here, "a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some

---

[3] Plaintiff is also a criminal defendant in this Court, charged with wire fraud and money laundering. (*United States v. Fluker*, Case No. 4:21-cr-20331, ECF No. 43). He has been detained since at least March 2020. In a civil rights case brought by Plaintiff, the Undersigned recommended that his claim for injunctive relief be allowed to proceed. *Fluker v. Worpell*, No. 1:22-cv-12045. In addition to this case and *Fluker v. Worpell*, Plaintiff filed a third civil complaint against Fifth Third Bank and Gary Carr, Fifth Third's Vice President for "financial crimes," alleging that these Defendants improperly disclosed Plaintiff's bank records to the government. No. 2:22-cv-11992 (ECF No. 1).

circumstances, to enjoin the parties from proceeding in the other suit." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). "Where the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

  C. **ANALYSIS**

On January 3, 2023, Equifax filed a motion to stay the claims against it due to a pending class action suit in the Northern District of Georgia with "identical issues" as the present case. (ECF No. 21, PageID.74, 76) citing (ECF No. 21-1, PageID.86); *In Re: Equifax, Fair Credit Reporting Act Litigation*, No. 1:22-cv-3072 (E.D. Ga. 2022). Equifax contends that Plaintiff's claims "would be covered by the class claims." (*Id.*) Equifax asks to stay these proceedings against it in this Court "pending the determination of the certification of the prior Pending Class Action." (*Id.* at PageID.77). Plaintiff has not responded.

  1. **The Potential Dispositive Effect**

As to Equifax, Plaintiff alleges that on or around April 4, 2022, he applied for a

3

loan from a credit union. (ECF No. 1, PageID.8). When the credit union did a credit check, Equifax erroneously reported that Plaintiff had a credit score considerably lower than his actual score due to a "computer glitch" and as a result, Plaintiff was denied the loan. (*Id.*) He alleges Equifax's erroneous reporting violated the provisions of 15 U.S.C. § 1681e. (*Id.*)

Consistent with Plaintiff's allegations in this case, the pending class action is also brought under the FCRA. 15 U.S.C. § 1681e. The amended complaint in that case states that "[d]uring a three-week period in the spring of 2022, Equifax provided inaccurate credit reports for millions of Americans applying for loans." (ECF No. 21-1, PageID.86, ¶ 1). As a result, the plaintiffs "were denied financing altogether, forced to accept higher interest rates, or otherwise had their ability to access credit limited because Equifax furnished inaccurate credit reports to their prospective lenders." (*Id.*) The plaintiffs in that case seek certification of the following class:

> All individuals and entities in the United States about whom Equifax reported inaccurate items of information to a third party as a result of the coding error that Equifax claims caused inaccurate credit reporting between March 17, 2022, and April 6, 2022

(*Id.* at PageID.113, ¶ 88). Plaintiff's claim that he was denied a loan as the result of an April 4, 2022 "computer glitch" by Equifax falls squarely within the prospective class.

### 2. Judicial Economy

Because the legal issues in this case are identical to those in the pending class

action, the proposed class action would resolve Plaintiff's current claims. The duplication of effort by this Court would be a waste of judicial resources. In *Choon's Design Inc. v. Tristar Prod., Inc.*, No. 14-10848, 2018 WL 11351661, at *2 (E.D. Mich. July 13, 2018) (Roberts, J.) the court stayed the case pending a decision by the Federal Circuit, reasoning that "without a stay, the Federal [C]ircuit's decision will very likely render moot much of the work done in this case between now and trial." "Based on these circumstances, 'it would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with precedent the [Federal] Circuit creates shortly thereafter.'" *Id.* at *3 (citing *Monaghan v. Sebelius*, No. 12-15488, 2013 WL 3212597, at *2 (E.D. Mich. June 26, 2013)). Here too, the interests of judicial economy are served by staying the claims against Equifax pending determination of class certification in Georgia case. Where "the other cases . . . have many overlapping factual and legal issues, a short stay of this case could save discovery costs and decrease the risk for inconsistent rulings." *Vance v. Facefirst, Inc.*, No. CV 20-6244-DMG (KSX), 2021 WL 5044010, at *3 (C.D. Cal. June 2, 2021). "By permitting the Northern District of Illinois to resolve the questions regarding" those factual and legal issues, "this Court may avoid expending unnecessary judicial resources on duplicative issues. Judicial economy is served by

granting a stay." *Id.* at *4. [4]

### 3. The Public Welfare

For similar reasons, the public at large would also benefit, albeit indirectly, from staying the claims against Equifax pending determination of class certification in the Georgia case. *See Choon's,* 2018 WL 11351661, at *3 (quoting *Astec Am., Inc. v. Power-One, Inc.*, No. 07-464, 2008 WL 11441994, at *3, 2008 U.S. Dist. LEXIS 55100, at *14-15 (E.D. Tex. July 15, 2008) ("[A] stay will serve the public by controlling litigation expenses and conserving judicial resources. . . . 'Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole.'").

### 4. Relative Hardship of the Parties

Equifax states that without a stay in this action, it "will incur significant and unnecessary legal expense." (ECF No. 21, PageID.82). Equifax contends that being required to defend the current action, the pending class action in the Northern District of Georgia, "and any other similar actions across the country" arising from the same events "will exponentially increase the financial burden on Equifax" and require "appearances in multiple venues and repeated depositions regarding the same factual issues." (*Id.*) Equifax's need to "engage in duplicative and costly litigation

---

[4] In contrast to *Vance,* Equifax seeks only to stay the claims against it, not the other Defendant. But the reasoning in *Vance* regarding the conservation of judicial resource is equally applicable here.

in multiple forums" constitutes a palpable hardship. *Ratcliff v. Morley Companies, Inc.*, No. 1:22-CV-10360, 2022 WL 2237184, at *3 (E.D. Mich. June 22, 2022) (Ludington, J.) (Recognizing the "hardship" implicit "in defending two substantially identical . . . actions).

Plaintiff has not responded to the present motion and based on the current record, the Court concludes that he would not be prejudiced by the proposed stay. This case was filed approximately four months ago and discovery has not begun. If the pending class action is certified, Plaintiff, as a class member would be able to obtain the same recovery he would have if the stay were not granted in this case.

Because all four of the factors to be considered support staying the claims against Equifax, the motion will be granted.

### D. CONCLUSION

Accordingly, Defendant Equifax Information Services, LLC's "Motion to Stay Proceedings as to Equifax Pending Prior Class Action" (ECF No. 21) is **GRANTED**. Defendant should immediately inform the Court whenever the determination of the certification of the prior Pending Class Action is made.

Date: January 30, 2023          s/PATRICIA T. MORRIS
                                Patricia T. Morris
                                United States Magistrate Judge