UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO LYNN FLUKER, JR.,

        Plaintiff,                       Case No. 1:22-cv-12240

v.                                        Honorable Thomas L. Ludington
                                          United States District Judge

TRANS UNION, LLC, and
EQUIFAX INFORMATION
SERVICES, LLC

                                         Honorable Patricia T. Morris
        Defendant.              United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER AND AFFIRMING ORDER**

Plaintiff has objected to Magistrate Judge Patricia T. Morris' Order, ECF No. 44, denying Plaintiff's Motion to Compel, ECF No. 30, and Plaintiff's Motion for Pretrial Conference or in the Alterative Compel Production of Discovery, ECF No. 35. ECF No. 46. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's Objections will be overruled because Judge Morris' Order was not clearly erroneous or prejudicial.

**I.**

On September 22, 2022, Plaintiff Antonio Lynn Fluker, Jr.,[1] proceeding *pro se*, filed a Complaint alleging that Defendants Trans Union, LLC (Trans Union) and Equifax Information Services, LLC (Equifax) violated the Fair Credit Reporting Act (FCRA), 15 USC §§ 1681, *et seq*, *See* ECF No. 1 at PageID.6–7. Specifically, Plaintiff alleges that, in April 2022, Defendant Equifax erroneously reported Plaintiff 's credit score "25 or more points" lower than his "actual score" due

---

[1] Plaintiff, who has been detained pending trial since "at least March 2020," ECF No. 26 at PageID.150 n.3, pleaded guilty to wire fraud and money laundering on August 30, 2023. *See United States v. Fluker*, No. 4:21-cr-20331, ECF No. 131.

to a "computer glitch." *Id.* at PageID.8. As a result, Plaintiff claims a third-party credit union denied his application for a loan. *Id*. Plaintiff seeks $50,000 in actual damages and $1,500,000 in punitive damages from Defendant Equifax. *Id.* at PageID.4. Plaintiff also alleges that in June and July 2022, Defendant Trans Union failed to reasonably investigate Plaintiffs' complaints that his credit report contained inaccurate and fraudulent information, harming Plaintiff's reputation and "[c]redit [w]orthiness." *Id.* at pageID.6–7. Plaintiff seeks $250,000 in actual damages and $2,500,000 in punitive damages from Defendant Trans Union. *Id.* at PageID.4.

On December 6, 2022, Defendant Trans Union filed its Answer and Affirmative Defenses, ECF No. 14. On January 30, 2023, Judge Morris stayed proceedings as to Defendant Equifax because of a pending class action in the Northern District of Georgia with "identical issues" brought under the FCRA. *See* ECF No. 26 at PageID.151–55. Judge Morris directed Defendant Equifax to "immediately inform the Court whenever the determination of the certification of the prior Pending Class Action is made." *Id.* at PageID.155.

On April 14, 2023, Plaintiff filed his first Motion to Compel, ECF No. 30, seeking to compel Defendant Trans Union to produce "credit reports, inquiries, [and] documentation that was forwarded to [Trans Union] offices for [dispute] purposes and any other information that [is] relevant to the above action," claiming that Trans Union has "failed to produce" these documents despite Plaintiff's "multiple attempts to contact . . . Trans Union counsel via email[.]" *Id.* at PageID.161–63 (noting Plaintiff emailed Defendant Trans Union's Counsel on February 18, 2023; March 11, 2023; March 30, 2023; and April 3, 2023).

On April 27, 2023, Defendant Trans Union responded that although "Plaintiff has never served Trans Union with formal discovery requests," it "recognizes that Plaintiff is proceeding *pro se* and . . . [Trans Union] has attempted to coordinate informal document production . . . but

Plaintiff has been unable to clarify exactly what he is seeking." ECF No. 32 at PageID.167 (emphasis omitted). Trans Union further stated it "remains amendable to informal document production" and "in an effort to expeditiously resolve the issue," already "served [Plaintiff] with . . . copies of all documents [relating] to the June and July correspondences referenced in the Complaint." *Id.* at PageID.168.

On June 6, 2023, Plaintiff filed a motion seeking either a pretrial conference or an order compelling Trans Union to produce discovery, claiming Trans Union had not produced the requested documents. ECF No. 35 at PageID.179. In Response, Trans Union claims that, during a phone call, Plaintiff informed Trans Union's Counsel that he did not receive the entirety of the document production and, instead, received only Trans Union's cover letter. ECF No. 36 at PageID.188. Plaintiff asked Trans Union to send another copy via certified mail and Trans Union complied. *Id.* Despite this informal production, Trans Union also received two formal document requests from Plaintiff in mid-2023. *Id.* at PageID.189. "Trans Union served a consolidated response to both sets of discovery on June 16, 2023" and indicated it would supplement its document production. *Id.* at PageID.189–90.

Through these two Motions, Plaintiff sought the production of discovery material from January 1, 2020 through November 30, 2022, excluding the June and July 2022 documents already produced by Trans Union. *See* ECF Nos. 30; 35 at PageID.181–82.

On July 31, 2023, Judge Morris issued an Order, ECF No. 44, denying Plaintiff's Motion to Compel, ECF No. 30, and Plaintiff's Motion for Pretrial Conference or in the Alternative Compel Production of Discovery, ECF No. 35. Judge Morris found that Plaintiff could not establish that his request was relevant or proportional to the needs of the case because Plaintiffs' Complaint only alleges Trans Union violated the FCRA during the months of June and July 2022

and Plaintiff did not demonstrate why documents before and after this two-month period are necessary. ECF No. 44 at PageID.270–71.

Plaintiff objects to Judge Morris's Order, claiming that "the documents [P]laintiff request[s] predating the June 2022 references in his complaint are relevant and proportional to this case as [P]laintiff submitted many document disputes to Trans Union in January 2020 and thereafter that [were] not investigated by Trans Union. The documents [P]laintiff request Trans Union to produce need not be referenced in [the Complaint] to be relevant[.]" ECF No. 46 at PageID.279.

## II.

"The Magistrate Judge's order[s] resolved a nondispositive discovery dispute." *Cratty v. City of Allen Park*, No. 2:17-CV-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citing *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (per curiam) (unpublished)).

Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure."

*Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

"If the district court will affirm the magistrate judge's [order] then it may simply identify the parts of the record that it reviewed and state that it found no clear error." *See, e.g.*, *Odell v. Kalitta Air, LLC*, No. 1:22-CV-12290, 2023 WL 4084490, at *1 (E.D. Mich. June 20, 2023); *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-CV-00403, 2022 WL 4115425, at *1–2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV01210, 2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

## III.

This Court has reviewed:

- Plaintiff's Complaint, ECF No. 1;

- Defendant Trans Union's Answer and Affirmative Defenses, ECF No. 14,

- Defendant Equifax's Motion to Stay Proceedings Pending Prior Class Action, ECF No. 21;

- Judge Morris' Order Granting Equifax's Motion to Stay Proceedings, ECF No. 26;

- Plaintiff's Motion to Compel Discovery, ECF No. 30; Defendant Trans Union's Response, ECF No. 32; and Plaintiff's Reply, ECF Nos. 33 and 34;

- Plaintiff's Motion for Pretrial Conference or in the Alternative Compel Production of Discovery, ECF No. 35; Defendant Trans Union's Response, ECF No. 36; and Plaintiff's Reply, ECF No. 39;

- Plaintiff's Motion to Extend Discovery Deadline, ECF No. 37; Defendant Trans Union's Response, ECF No. 40; and Plaintiff's Reply, ECF No. 42;

- Judge Morris' Order Granting in Part Plaintiff's Motion to Extend Discovery Deadline, ECF No. 45;

- Plaintiff's Motion for Sanctions for Failure to Cooperate in Discovery, ECF No. 38; Defendant Trans Union's Response, ECF No. 41; Plaintiff's Reply, ECF No. 43;

- Judge Morris' Order Denying Plaintiff's Motion for Sanctions, ECF No. 47;

- Judge Morris' Order Denying (1) Plaintiff's Motion to Compel, ECF No. 30 and (2) Plaintiff's Motion for Pretrial Conference, ECF No. 35, ECF No. 44;

- Plaintiff's Objections, ECF No. 46; and

- all other applicable filings and law.

Having conducted *de novo* review, this Court concludes that Judge Morris' factual conclusions are reasonable and correct and that her legal reasoning is sound. In sum, this Court finds no clear error in Judge Morris' decision to deny Plaintiff's Motion to Compel and Motion for Pretrial Conference. Judge Morris applied the appropriate law and made reasonably accurate conclusions of fact. Accordingly, Plaintiff's Objections will be overruled, and the Magistrate Judge's Order will be affirmed.

IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 46, are **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Morris's Order, ECF No. 44, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Motion to Compel Discovery, ECF No. 30, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion for Pretrial Conference or in the Alternative Compel Production of Discovery, ECF No. 35, is **DENIED.**

**This is not a final order and does not close the above captioned case**.

Dated: September 27, 2023						s/Thomas L. Ludington
										THOMAS L. LUDINGTON
										United States District Judge