UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO LYNN FLUKER, JR.,

    *Plaintiff,*

v.

TRANSUNION, LLC,[1] and
EQUIFAX INFORMATION
SERVICES, LLC,

    *Defendants.*
_____/

Case No. 1:22-cv-12240

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**<u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 51), DENYING PLAINTIFF'S MOTION TO AMEND OR SUPPLEMENT (ECF No. 52), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE DEFENDANT, TANSUNION, LLC (ECF No. 58) and GRANTING IN PART AND DENYING IN PART DEFENDANT TRANSUNION, LLC'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION OR TO DISMISS AS SANCTION FOR PLAINTIFF'S FAILURE TO PROSECUTE (ECF No. 60)</u>**

**I.  BACKGROUND**

Antonio Fluker, proceeding *pro se*, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. against Defendant Trans Union.  (ECF No. 1). There have been a multitude of motions field and addressed

---

[1] The Court recognizes that Defendant's actual name is "Trans Union LLC." *Trans Union LLC v. Ramirez,* 141 S. Ct. 2190 (2021).

by the Court in which more detailed background information is provided. (ECF Nos. 44, 45, 47, 50.)

## II. ANALYSIS AND CONCLUSIONS

### A. Plaintiff's Motion to Compel (ECF No. 51)

Plaintiff's motion to compel argues that Defendant's response to his discovery request is unsatisfactory because it is too highly redacted and Defendant did not provide a privilege log. Nor did Defendant produce the relevant insurance agreement. Defendant counters that its redactions were proper because the information redacted is privileged under the attorney-client and work product privileges. (ECF No. 54, PageID.338-39.) Defendant also argues that its insurance agreement is not relevant to "anything but settlement, and not to his 'claim or defense' as required." (ECF No. 54, PageID.340.)

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Serv.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 34 allows a party to

serve requests for production of documents on an opposing party. Fed. R. Civ. P. 34. A party receiving these types of discovery requests has 30 days to respond with answers or objections. If the receiving party fails to respond, Rule 37 provides the party who issued the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).

Under these standards, the insurance agreement is not relevant to any of Plaintiff's claims or defenses and thus, is not discoverable.

As to the other discovery requests contained in Plaintiff's motion to compel, Plaintiff argues that Defendant should have "provide[d] a privilege log or any specific information relating to its privilege claim that would allow plaintiff to draw an inference that the documents sought are indeed privileged." (ECF No. 51, PageID.299-300.) Defendant contends that in its response, it indicated that the redactions were done to avoid attorney-client or work product privileged information from being revealed, it sufficiently complied with Fed. R. Civ. P. 26(b)(5)(A). Defendant further notes that the request made by Plaintiff was untimely but that it chose to respond because Plaintiff is proceeding *pro so*. (ECF No. 54, PageID.337.)

Plaintiff served the discovery request on August 14, 2023, and discovery closed on August 30, 2023. Under Fed. R. Civ. P. 34(b), a party must "respond in writing within 30 days after being served" unless stipulated to by the parties or

with permission from the court. Plaintiff's service did not allow Defendant sufficient time to respond and the motion to compel could be granted on that ground alone. In addition, although Defendant did not provide a privilege log, it did describe the basis for its objection and redaction, albeit in a rather perfunctory way. Plaintiff's motion challenges only the procedural manner in which Defendant asserted the privilege but does not appear to challenge the substance, e.g., he does not seek in camera review of the documents or any other remedy to determine the propriety of the alleged privilege. Although Defendant could have done a better job procedurally, I find it did assert its objection and claim of privilege, Plaintiff's request was untimely in the first instance, and Plaintiff ahs not challenged the substance of the asserted privilege. On balance, the Court finds that Plaintiff's motion should be denied.

### B. Plaintiff's Motion to Amend or Supplement (ECF No. 52)

Plaintiff seeks to amend or supplement his complaint with allegations regarding events occurring in January 2020. (ECF No. 52, PageID.323.) Defendant contends that Plaintiff's motion is untimely since the deadline to amend was January 20, 2023, and that Plaintiff provides no explanation for why he waited so long to amend. (ECF No. 344.)

First, Plaintiff has failed to attach or otherwise file his proposed amended complaint as required by Local Rule 15.1. The motion could be denied on this ground alone.

Fed. R. Civ. P. 15(d) provides that "[o]n motion or reasonable notice, the court may . . . permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." "As the plain language of the rule indicates, 'supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint was filed.'" *Harrison v. Burt*, No. 2:07-CV-11412, 2008 WL 4058288, at *1 (E.D. Mich. Aug. 28, 2008) (quoting *United States ex rel. Kinney v. Stoltz,* 327 F.3d 671, 673 n.4 (8th Cir.2003)). Since Plaintiff's described amendment does not include events occurring after the complaint was filed, but rather, before the complaint was filed, his motion will be construed as a motion to amend under Rule 15(a).

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant or deny a motion to amend is within the sound discretion of the court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). Factors to consider include undue delay in filing the motion, notice to the opposing party, prejudice to the opposing party, and the futility of the proposed amendment. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal*

*L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). In the instant case, I find that since this case is at its end stage, Defendant would be prejudiced by any amendment, and Plaintiff has not stated any reason for his failure to include these allegations from years before the complaint was filed. Under these circumstances, the factors all favor denial of Plaintiff's motion to amend; thus, the motion will be denied.

### C. Plaintiff's Motion for leave to depose Defendant Transunion (ECF No. 58) and Defendant Transunion's Motion for Leave to Depose Plaintiff or alternatively to Dismiss as a Sanction for Plaintiff's Failure to Prosecute (ECF No. 60)

In these motions, both seek extending discovery to allow depositions, but Defendant also seeks the ultimate sanction of dismissal for Plaintiff's failure to attend a deposition previously scheduled and noticed. Although Defendant sets forth a series of events supporting its request for sanctions, because Plaintiff is dependent not only on himself but also on the prison facility's cooperation with scheduling and allowing a deposition to occur, I find Defendant's request for sanctions must be denied. As to each party's request to conduct a deposition of the other party, I find that this most basic discovery tool should be utilized even if it is late in the game. Accordingly, t**he Court will grant Plaintiff's motion (ECF No. 58) and grant Defendant's motion in part (ECF No. 60), allowing each party to take the deposition of the other party. Discovery cutoff will therefore be extended until December 11, 2023, and dispositive motion cutoff will be extended until January 12, 2024.** The court will not look with favor on any

further extensions; thus, the parties should work quickly and cooperatively toward meeting these deadlines.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: November 7, 2023					s/PATRICIA T. MORRIS
							Patricia T. Morris
							United States Magistrate Judge