UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO LYNN FLUKER, JR.,

    *Plaintiff*,

v.

TRANS UNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC,

    *Defendants*.

Case No. 1:22-cv-12240

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO FILE RESPONSE TO DEFEDANT'S SUMMARY JUDGMENT MOTION UNDER SEAL WITHOUT REDACTION (ECF No. 65)

Antonio Fluker, proceeding *pro se*, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*. In January, Defendant Trans Union moved for summary judgment, and the following month, Fluker filed a response in opposition to Trans Union's motion. (ECF Nos. 63, 67). Before filing his response brief, Fluker moved the Court for leave to file supporting exhibits under seal. (ECF No. 65).

Fluker does not specify what documents he desires to file under seal. All Fluker states is that some of the exhibits he intends to file in response to Trans Union's motion are "designated as confidential" under the "FCRA." (*Id.* at

1

PageID.624, ¶ 4). Fluker explains that some of these exhibits contain "personal identifying information"—such as "social security numbers" and "date[s] of birth"—and redacting this sensitive information out of each document "would be impracticable." (*Id.* at PageID.624, ¶¶ 6–7). Further, because his response brief "quote[s] and incorporate[s] by reference the confidential documents," he requests leave to file his entire response brief under seal. (*Id.* at PageID.624, ¶¶ 5, 8).

Local Rule 5.3 governs civil materials filed under seal. Rule 5.3(a) sets forth procedures for filing documents that "a statute or rule authorizes" parties to file under seal. E.D. Mich. LR 5.3(a). This procedure allows parties to file documents under seal without a court order. *Id.* Rule 5.3(b), on the other hand, applies in all other instances where a party seeks to file a document under seal, and it requires parties to obtain a court order to do so. E.D. Mich. LR 5.3(b). Because Fluker does not cite a provision of the FCRA that authorizes him to file his exhibits under seal, Rule 5.3(b) applies, and he cannot file his exhibits under seal without a court order.

Under Local Rule 5.3(b), a person seeking to file a document under seal in a civil case must file and serve a motion that contains:

> (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects;
>
> (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;

2

(iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom;

(iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority;

(v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit. The redacted version must be clearly marked by a cover sheet or other notation identifying the document as a "REDACTED VERSION OF DOCUMENT(S) TO BE SEALED"; and

(vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. Under this section the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order. The unredacted version must be clearly marked by a cover sheet or other notation identifying the document as an "UNREDACTED VERSION OF DOCUMENT(S) TO BE SEALED PURSUANT TO LR 5.3(b)(3)(B)(iii)." The unredacted version must clearly indicate, by highlighting or other method, the portions of the document which are the subject of the motion.

E.D. Mich. LR 5.3(b)(A).

Even if a party complies with these procedural requirements, there remains "a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). So to file a document under seal without a statute's authorization, a party must demonstrate a "compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b)(C)(i). In determining whether a compelling reason exists, a court should "consider, among other things, the competing interests of the defendant's right to a

3

fair trial, the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equipment Co. v. John Deere Const. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). A court must also "balance the litigants' privacy interests against the public's right of access recognizing our judicial system's strong presumption in favor of openness." *Id.* at 594. "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. "In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Rudd Equip.*, 834 F.3d at 594 (citation omitted). Further, a request for seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

Fluker's motion is both procedurally defective and substantively inadequate. On procedure, Fluker neglects to comply with this Court's local rules. He does not: (1) attach an "index of" the "documents . . . proposed for sealing," (2) describe the affected "privacy interests" in any meaningful detail, (3) supply "a redacted version of the document(s) to be sealed" with a proper "cover sheet," or (4) provide "an unredacted version" of the exhibits "under seal for the limited purpose of resolving his motion." E.D. Mich. LR 5.3(b); (*see* ECF No. 65).

4

Many of these deficiencies also doom Fluker on the merits. Without detailing the type of information he seeks to protect, and without citing the provision of the FCRA that protects this information, Fluker prevents the Court from weighing the public's interest in open judicial records against the privacy interests implicated by these exhibits. Accordingly, Fluker's motion for protective order and leave to file response to defendant's summary judgment motion under seal without redaction (ECF No. 65) is **DENIED**.

**IT IS SO ORDERED.**

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date:  February 27, 2024                                     s/ PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge