**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ANTONIO LYNN FLUKER, JR.,

        *Plaintiff,*

*v.*

EQUIFAX INFORMATION
SERVICES, LLC,

        *Defendant.*

_____/

Case No. 1:22-cv-12240

Robert J. White
United States District Judge

Patricia T. Morris
United States Magistrate Judge

<u>**ORDER GRANTING NON-PARTY'S MOTION TO QUASH (ECF No. 86)**
**AND DIRECTING THE CLERK'S OFFICE NOT TO ISSUE FURTHER**
**SUBPOENAS IN THIS CASE WHILE PROCEEDINGS ARE STAYED**</u>

After being convicted of identity theft, wire fraud, and money laundering, Plaintiff filed a *pro se* complaint against TransUnion, LLC (TransUnion) and Equifax Information Services, LLC (Equifax) alleging both violated the Fair Credit Reporting Act in separate and distinct ways. The claims against TransUnion have since been dismissed, while all claims against Equifax are stayed pending the certification of a putative class action in the Northern District of Georgia. (ECF No. 76).

Before the Court is a motion to quash a third-party subpoena that Plaintiff "served on Fifth Third Bank seeking sweeping categories of Indigo Motorsports Texas, LLC d/b/a Lamborghini Houston's ("Indigo") financial records, including

1

monthly bank statements, loan applications, checks, wire transfers, and other books and records." (ECF No. 86, PageID.1099). The day after this motion was filed, counsel for Indigo filed an email on the docket purporting to be from Plaintiff that says:

> As previously communicated to the bank over two weeks ago, this subpoena was issued in error and has been withdrawn. The request was intended to address overpayments on a Lamborghini I purchased, but it was inadvertently directed toward the wrong dealership.
>
> Please take notice that the request for records is officially withdrawn and no longer necessary. This should resolve the need for your impending motion to quash.

(ECF No. 88, PageID.1116). As explained below, Indigo's motion will be **GRANTED**.

"[A] subpoena issued pursuant to Fed. R. Civ. P. 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 10-CV-00083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011). Moreover, parties may not engage in discovery while a case is stayed. *See Rahaman v. State Farm Mut. Ins. Co.*, No. 22-10635, 2023 WL 36061, at *4 (E.D. Mich. Jan. 4, 2023) ("Accordingly, the parties may not engage in further discovery related to this matter until the Court rules on Defendant's motion and lifts the stay."). Because proceedings on all remaining claims are currently stayed, Plaintiff violated the stay when he requested a subpoena from the Clerk's Office. For this reason alone, the

Court **GRANTS** Indigo's motion to quash (ECF No. 86).

The purported email from Plaintiff raises another issue.  Plaintiff may not use this case as a vehicle to obtain subpoenas against non-parties to investigate matters unrelated to this lawsuit.  This would be true even if the case were not stayed.  Indeed, "a complaint is not a hunting license to discovery whether, in fact, a viable claim may be alleged.  The discovery rules are designed to support a properly pleaded cause of action and to prepare for defenses to charges made—not to discover whether a claim exists." *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-CV-11500, 2013 WL 10936871, at *10 (E.D. Mich. Nov. 26, 2013) (citation modified).  Because it is unclear whether Plaintiff has obtained other subpoenas and he is not currently allowed to engage in discovery, the Court **ORDERS** that "any third-party subpoenas already issued must be quashed." *Evans v. Robertson*, No. 24-CV-13435, 2025 WL 2737446, at *3 (E.D. Mich. Sept. 25, 2025), *objections overruled*, 2025 WL 3488280 (E.D. Mich. Dec. 4, 2025).  Finally, to prevent future abuses of subpoenas, the Clerk's Office is **DIRECTED** to issue no further subpoenas in this matter until the Court lifts the stay.  *See Rahaman*, 2023 WL 36061, at *4 (directing the same).

For these reasons, Indigo's motion to quash (ECF No. 86) is hereby **GRANTED**, any subpoenas issued during the stay are **QUASHED**, and the Clerk's Office is **DIRECTED** to issue no further subpoenas in this case until the stay is

3

lifted.

**IT IS SO ORDERED.**

Date:  May 11, 2026                              s/PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge