**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ANTONIO LYNN FLUKER, JR
Plaintiff

Case No 1.22-cv-12240
Hon. Robert J White
Magistrate Patrıcıa T. Morris

v.

TRANSUNION, LLC and
EQUIFAX INFORMATION
SERVICES, LLC.
Defendants.

## PLAINTIFF'S OBJECTIONS UNDER FED. R. CIV. P. 72(a) TO THE MAGISTRATE JUDGE'S MAY 11, 2026 ORDER GRANTING NON-PARTY'S MOTION TO QUASH (ECF NO. 89)

Plaintiff Antonio Lynn Fluker, Jr., proceeding pro se, respectfully submits these objections under Fed. R. Civ. P. 72(a) and 28 USC § 636(b) (1) (A) to the Magistrate Judge's Order Granting Non-Party's Motion to Quash, entered May 11, 2026. ECF No 89

For the reasons set forth below, the Order should be modified or set aside because, before the Court ruled, Plaintiff had already withdrawn the subpoena at issue. As a result, there was no longer a live dispute concerning compliance with that subpoena, and the motion to quash should have been denied or terminated as moot rather than granted on the merits.

1. Background:

1 On May 6, 2026, non-party Indigo Motorsports Texas, LLC d/b/a Lamborghini Houston ("Indigo") filed a motion to quash a subpoena directed to Fifth Third Bank, N.A. ECF No. 86.

2 On May 7, 2026, Indigo filed a notice attaching Plaintiff's email expressly stating that the subpoena "was issued in error and has been withdrawn" and that "the request for records is officially withdrawn and no longer necessary." ECF No. 88, PageID.1116.

3. Thus, before the Court entered its May 11, 2026 Order, the subpoena had already been withdrawn and no production was being pursued.
4. Despite that withdrawal, the Court entered an order on May 11, 2026 granting Indigo's motion to quash, quashing any subpoonas 10ssued during the stay, and directing the Clerk's Office not to issue further subpoenas while the stay remains in place. ECF No. 89.

5 Plaintiff then filed a motion formally asking the Court to recognize that the subpoena had been withdrawn and that the subpoena dispute was moot. ECF No. 90.

6 On May 20, 2026, the Court denied that motion as moot because it had already granted the motion to quash. ECF No. 91

2. Standard of Review:

Under Fed R Civ P 72(a), when a party timely objects to a magistrate judge's order on a non dispositive matter, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law" Likewise, 28 U.S.C. § 636(b)(1)(A) provides that a district judge may reconsider a magistrate judge's determination of a pretrial matter where it has been shown that the order is "clearly erroneous or contrary to law."

A motion to quash a subpoena is a nondispositive pretrial matter. Plaintiff therefore submits these objections under the foregoing authorities.

III. Objections:

Objection No. 1: The subpoena dispute was moot before the Court ruled.

The central problem with ECF No. 89 is that there was no longer any live Rule 45 dispute to decide when the Court entered that Order.

Indigo's own filing attached Plaintiff's May 7, 2026 email, which expressly withdrew the subpoena before the Court ruled. ECF No. 88, PageID.1116. Once Plaintiff withdrew the subpoena and disclaimed any intent to seek production, the controversy over whether Fifth Third Bank had to comply with that subpoena ceased to be live.

Because there was no remaining request for production, there was no effective Rule 45 relief left for the Court to grant on the merits. The proper disposition was to deny or terminate the motion to quash as moot, not to grant it. See Fed. R. Civ. P. 45(d) (3); see also United States v. Munsingwear, Inc., 340 U.S. 36 (1950).

Objection No. 2: The Court's order was contrary to law because it adjudicated the merits after the subpoena had been withdrawn.

The May 11 Order expressly acknowledged the email stating that the subpoena "has been withdrawn" and that the request for records was "no longer necessary." ECF No. 89, PageID.1118. Yet the Court still proceeded to grant the motion to quash on the merits.

Respectfully, once the subpoena had been withdrawn, the Court no longer had a live controversy regarding that subpoena's enforcement or compliance. Plaintiff previously used the word "standing," but the more precise defect is mootness and the absence of a live case or controversy. In other words, after withdrawal of the subpoena, there was nothing left for

the Court to quash as between these parties with respect to that specific subpoena dispute.

Accordingly, the Order should be modified to reflect that the subpoena dispute was moot as of May 7, 2026.

Objection No. 3: The relief granted exceeded the live dispute before the Court.

Indigo's motion concerned a specific subpoena to Fifth Third Bank. ECF No. 86. But the Court's Order went further and stated that "any subpoenas issued during the stay are QUASHED" and directed the Clerk's Office to issue no further subpoenas in this matter until the stay is lifted. ECF No. 89, PageID. 1119 20.

Plaintiff objects that this broader relief was entered in an order resolving a subpoena dispute that had already become moot. Once the specific subpoena was withdrawn, the narrow motion before the Court no longer presented a live controversy. The Court therefore should not have entered broader merits-based relief in the context of a moot subpoena dispute.

Plaintiff recognizes the Court's authority to manage its docket and enforce its stay orders. However, the particular Order entered at ECF No. 89 should not have granted Indigo's motion to quash after the underlying subpoena had already been withdrawn.

Objection No. 4: The Order should be vacated or modified to reflect mootness rather than merits adjudication.

Because the subpoena was withdrawn before the May 11 ruling, the correct disposition was not to grant the motion to quash, but to deny it as moot or otherwise terminate it without a merits ruling.

Plaintiff therefore respectfully requests that the District Judge set aside or modify ECF No. 89 to state that:

a Plaintiff withdrew the subpoena before the Court ruled;

b the dispute concerning that subpoena was moot as of May 7, 2026;

c Indigo's motion to quash should have been denied or terminated as moot rather than granted on the merits, and

d any further relief should be limited to what is necessary and appropriate in light of the stay.


IV. Relief Requested:

WHEREFORE, Plaintiff respectfully requests that the District Judge:

1 SUSTAIN these objections under Fed. R. Civ. P. 72(a);

2. MODIFY or SET ASIDE the Magistrate Judge's May 11, 2026 Order (ECF No. 89);

3 HOLD that, because Plaintiff withdrew the subpoena before the Order was entered, the subpoena dispute was moot and should not have been resolved on the merits;

4 VACATE the portion of ECF No. 89 granting Indigo's motion to quash on the merits, and replace it with an order denying or terminating that motion as moot; and

5 GRANT such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Antonio Lynn Fluker, Jr.
Antonio Lynn Fluker, Jr.
Plaintiff, pro se
Reg. No. 43577039
PO Box 759
Minersville, PA 17954
ALFluker13@gmail.com

Dated: 05/28/2026

## CERTIFICATE OF SERVICE

I certify that on 05/28/2026, I placed a true and correct copy of the foregoing objections in the institution mailing system for service on all counsel of record.

/s/ Antonio Lynn Fluker, Jr.
Antonio Lynn Fluker, Jr.